[Civil No. 1552.   Filed November 8, 1917.]

[168 Pac. 504.]

NOGALES ELECTRIC LIGHT, ICE AND WATER COMPANY, a Corporation, Appellant, v. INTERNATIONAL GAS COMPANY, a Corporation, Appellee.

1. PLEADING—COMPLAINT—CONCLUSIVENESS OF ALLEGATIONS ON PLAINTIFF.—In an action by an electric light, ice, and water company to enjoin a gas company from using the public streets of a town, the allegations of the complaint, showing that the matter of granting the franchise claimed by defendant was approved before granting by a majority of the qualified electors residing within the town, who voted thereon at a general election at which the question of the grant was legally submitted, so that the grant of the franchise was made within the authority of the town, under Constitution, article 13, section 4, were conclusive on plaintiff.

2. MUNICIPAL CORPORATIONS — GRANTS BY MUNICIPALITY — NUMBER OF VOTES — CONSTITUTION AND STATUTES. — Civil Code of 1913, paragraphs 1950, 1951, cannot be construed to require any greater number of votes on the proposition of the grant of a franchise by a municipality to authorize its grant than is required by Constitution, article 13, section 4, providing that no municipal corporation shall ever grant a franchise without the approval of a majority of the qualified electors residing within its corporate limits who shall vote thereon at a general or special election.

APPEAL from a judgment of the Superior Court of the county of Santa Cruz.    William F. Cooper, Judge.    Affirmed.

### STATEMENT OF FACTS BY THE COURT.

This action was commenced by the appellant, as plaintiff, seeking to enjoin the defendant, appellee, from using the public streets, alleys, and grounds within the corporate limits of the town of Nogales for distributing electric energy for lights, power, etc., upon the grounds that plaintiff is engaged in the same occupation in said town, and uses such public streets, alleys, and grounds for the same purpose by authority of law, and that the proposed line by defendant interferes with plaintiff's use, to plaintiff's irreparable injury, and that defendant has no legal right to so use the said public streets, alleys, and grounds, and has no legal right to exercise said franchise within said municipality.    The defendant demurred, pleaded to, and answered the complaint filed.    Among other defenses interposed, the defendant demurred upon the grounds that the facts stated in the complaint are insufficient to constitute a cause of action.    The court sustained the demurrer, and allowed the plea to the jurisdiction of the court and the plea in bar.    Whereupon judgment for the defendant was entered.    From this judgment the plaintiff appeals.

Messrs. Barry & Barry and Mr. Selim M. Franklin, for Appellant.

Messrs. Armstrong & Lewis and Messrs. Duffy & Purdum, for Appellee.

CUNNINGHAM, J. (After Stating the Facts as Above).— The question of the failure of the complaint to state facts sufficient to constitute a cause of action is the only matter the disposition of which is necessary to determine this controversy.    The facts stated in the complaint sufficiently show the plaintiff's legal rights to exercise a franchise within the corporate limits of the town of Nogales, and the gist of this action turns upon the solution of the question whether the franchise granted to the defendant by the corporate authorities of the town of Nogales was granted by authority of law. The circumstances leading up to the granting of the fran-

chise to defendant, as set forth in the complaint, are as follows:

"Plaintiff further avers that the said defendant claims its right to use said poles in the said public streets, alleys, and grounds aforesaid, and to string wires thereon, and to furnish electricity to said inhabitants of said town of Nogales, under and by virtue of an alleged franchise which said defendant claims was granted by the said town of Nogales on or about the eighth day of June, 1914, to Spiro S. Proto and Monte M. Mansfeld, and by the said Proto and Mansfeld assigned to defendant. But plaintiff avers that the alleged franchise claimed by said defendant, as assignee as aforesaid, was granted to said Proto and Mansfeld by the said town of Nogales, without any right or authority whatsoever, being a franchise for a public utility, for the reason that the question as to whether or not said franchise should be granted was submitted by the said town of Nogales to the qualified voters of the said town of Nogales at a regular election held in the said municipal corporation on the twenty-fifth day of May, 1914; that at said election a total of 405 votes was cast for the different candidates for the office of marshal, being one of the offices voted for at said election; that at the said election 197 votes were voted in favor of granting the said franchise to said Proto and Mansfeld, and 194 votes were voted against the granting of said franchise to said Proto and Mansfeld; that the 197 votes so cast in favor of granting said franchise was less than a majority of all the votes cast at said election. . . . "

The facts thus set forth are conclusive on the plaintiff that the matter of granting the franchise claimed by the defendant was approved before granted by a majority of the qualified electors residing within the corporate limits of said town of Nogales who voted thereon at a general election at which the question of the said grant was legally submitted. Consequently, the grant of said franchise was made within the constitutional authority of the said town of Nogales. Section 4, art. 13, State Constitution.

But appellant contends that paragraphs 1950 and 1951 of the Civil Code of Arizona of 1913 require that the grant of a franchise shall first be approved by a majority of the voters voting at the election at which the proposition is submitted—that is, a majority of all the votes cast for any purpose at

such election—and that a majority of the votes cast on the proposition submitted is not sufficient to authorize the grant, unless such majority of the votes cast on the proposition is also a majority of all of the votes voted at such election. Answering this contention, all that is sufficient to be said is that paragraphs 1950 and 1951, *supra,* cannot be so construed as to require any greater number of votes on the proposition submitted to authorize its grant than the Constitution requires, said constitutional provision so changing the rule of evidence must be deemed as of the nature of an amendment of said statutes. After the Constitution became effective—that is, on and after February 14, 1912—paragraphs 1950 and 1951 must be understood as meaning the same as section 4 of article 13, that:

''No municipal corporation shall ever grant . . . a franchise without the approval of a majority of the qualified electors residing within its corporate limits who shall vote thereon at a general or special election. . . . ''

·Consequently, the complaint on its face showing that the proceedings followed in granting the franchise under which defendant is acting and proposing to act were had pursuant to law, it follows that the defendant is acting and proposing to act within its legal rights; that plaintiff is not injured, and has no cause for complaint against defendant because of said acts. No cause of action is stated, and as a consequence the judgment is correct. This disposes of the case.

The other questions presented by the record and ably discussed in the brief are subordinate to the question above decided, and a discussion of them here is unnecessary.

The judgment is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.