922 P.2d 316

Paul J. CRUM and Sharon
Crum, Petitioners,

v.

SUPERIOR COURT of the State of Ari-
zona, In and For the COUNTY OF
MARICOPA, the Honorable William T.
Moroney, a judge thereof, Respondent
Judge,

Lawrence M. CUTLER, Real
Party in Interest.

No. 1 CA–SA 96–0101.

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 20, 1996.

Paul F. Lazarus, P.C. by Paul F. Lazarus
and Therese K. Desai, Phoenix, for Petition-
ers.

Brown & Bain by Daniel C. Barr and John
J. Tuchi, Phoenix, for Real Party in Interest.

## OPINION

KLEINSCHMIDT, Judge.

The underlying action in this case is one
for defamation, false light invasion of privacy,
and intentional infliction of emotional dis-
tress. The Defendant, a Deputy Maricopa
County Attorney, claims that the trial court
should have granted his motion to dismiss
because the Plaintiff, before bringing the ac-
tion, did not file a notice of claim pursuant to
Arizona Revised Statutes Annotated
("A.R.S.") section 12–821.01. The statute

makes such notice a prerequisite to filing suit against a public employee or public entity. The Plaintiff asserts that no notice was required because he does not allege that the Defendant was acting within the course and scope of his employment when he made the allegedly defamatory statements and because he seeks no recovery against Maricopa County. We conclude that the Plaintiff was not required to file a notice of claim, and we therefore decline relief.

The case arose as follows. The Plaintiff, Lawrence Cutler, and the Defendant, Paul J. Crum were both Deputy Maricopa County Attorneys. In 1994, Crum sent a letter to the county board of supervisors, the attorney general, and to the county sheriff accusing Cutler of conducting personal business on county time and misusing county property. Cutler denied the accusations and, following an investigation, nothing came of them.

In September 1994, Cutler's attorney sent Crum a letter asserting that Crum had maliciously defamed Cutler. Cutler threatened a lawsuit unless Crum retracted his accusations and apologized. Crum, who maintains that the accusations were made in a good faith discharge of his duty as a deputy county attorney, refused to retract and apologize.

Cutler, who is still a deputy county attorney, sued for defamation, false light invasion of privacy, and intentional infliction of emotional distress. The complaint does not allege that Crum was acting within the course and scope of his employment in making the accusation, and it does not name Maricopa County as a defendant.

Crum moved to dismiss on the grounds that Cutler was required to serve a notice of claim pursuant to A.R.S. section 12–821.01 on both Crum and the county. Cutler argued that if any notice was needed, the letter his attorney sent Crum demanding an apology was adequate, and that it was unnecessary to give the county notice because it was not a party to the action. While Crum's motion to dismiss was pending, Cutler gave the county a covenant not to execute. The trial judge denied the motion, and this special action ensued. At some later time, the county filed a declaratory judgment action seeking a decree to the effect that it did not owe Crum a defense or indemnity.

## THE PLAINTIFF WAS NOT REQUIRED TO SERVE A NOTICE OF CLAIM ON THE COUNTY

The notice of claim statute reads as follows.

§ 12–821.01 **Authorization of claim against public entity or public employee**

A. Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

■ A claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to *both* the employee individually and to his employer. *Johnson v. Superior Court,* 158 Ariz. 507, 509, 763 P.2d 1382, 1384 (App.1988). The purpose of the notice is to allow the public employee and his employer to investigate and assess their liability, to permit the possibility of settlement prior to litigation and to assist the public entity in financial planning and budgeting. *Id.* at 508, 763 P.2d at 1383.

■ In this case, however, there is no allegation that defamatory communications were made in the course and scope of Crum's employment. Many purely private acts and defalcations of people who happen to be public employees will give rise to lawsuits that everyone would agree merit no claim against the employer, and hence, require no notice

pursuant to section 12–821.01. For example, a residential landlord would not sue the county if a deputy county attorney failed to pay his rent. Nor would a person who was injured as the result of a deputy county attorney's negligent operation of his automobile sue the county if the use of the automobile was unrelated to the attorney's job.

This, however, is an unusual case in several respects. The Plaintiff, who has a colorable claim against the county, has declined to assert it, and, instead, it is the Defendant who is arguing that he was acting within the course and scope of his employment. Under these circumstances, it is unnecessary for the claimant to sue the employer or file a notice of claim against either the individual public employee or the employer. Instead, in such a case the issue of whether the defendant was acting within the course and scope of his employment remains to be decided by the trier of fact, and a plaintiff who fails to file a notice of claim does so at his own risk. The parties have not reached the point in the proceeding at which it is appropriate to raise and decide the question whether the acts were done in the scope of Crum's employment, but it is clear that it cannot be resolved on a motion to dismiss. In any event, if the plaintiff does not file a notice, and the finder of fact concludes that the defendant was acting within the course and scope of his employment, the plaintiff cannot have judgment against the defendant.

Crum argues, however, that Cutler cannot deprive him of his contractual right to be defended and indemnified by the county by refusing to name the county as a defendant and failing to assert that Crum was acting within the course and scope of his employment. But Crum is not at Cutler's mercy in this regard. If he has a contractual right to a defense and indemnity from the county, that is something that he might be able to assert in a third party claim. *See* Ariz. R.Civ.P. 14(a). Alternatively, if Crum is found liable to Cutler, Crum might bring an action against the county for indemnity. As still another alternative, the question in this case may well be resolved in the declaratory judgment action that is now pending.

## CUTLER'S LETTER DID NOT SATISFY THE NOTICE OF CLAIM STATUTE

The letter Cutler's attorney sent Crum described the accusations Crum had made, asserted that they were baseless, asserted that they had harmed Cutler and his reputation, and then demanded a written retraction and apology to be distributed to every person to whom the accusation had been made. The letter concluded with the following:

> If you fail to provide me with a draft of your apology by next Friday, this firm will take whatever steps it deems necessary, including filing a defamation action in Superior Court, to protect Mr. Cutler's rights and preserve his hard-earned reputation.

■ We agree with Crum that if the factfinder concludes that he was acting within the course and scope of his employment, this letter is not sufficient to satisfy the requirements of the notice of claim statute. The letter does mention damage to reputation but it contains no reference to Cutler's claim for negligent infliction of emotional distress. More important, while the letter clearly infers that Cutler would have been satisfied with a retraction and apology, it says nothing about "the specific *amount* for which the claim can be settled," A.R.S. section 12–821.01(A) (emphasis added), in the event a retraction and apology were not forthcoming. We can envision circumstances in which a person, faced with an action for defamation, would be totally unwilling to retract and apologize and might nevertheless be willing to buy peace in return for money. We can even more readily envision an employer who would be willing to do so if the employer was unable to persuade its employee to retract and apologize. If it is ultimately concluded that Crum was acting within the course and scope of his employment, the application of section 12–821.01 will preclude the entry of judgment against him.

Jurisdiction is accepted and relief is denied.

PATTERSON, P.J., and GARBARINO, J., concur.