NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CITY OF PHOENIX, a municipal corporation, *Plaintiff/Appellee*,

*v.*

BEVERLY ELGIN, *Defendant/Appellant*.

No. 1 CA-CV 14-0023

FILED 11-25-2014

Appeal from the Superior Court in Maricopa County
No. CV2013-013633
The Honorable James R. Morrow, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Phoenix City Attorney's Office, Phoenix
By Robert A. Hyde
*Counsel for Appellee*

Beverly Elgin, Phoenix
*Appellant*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

**C A T T A N I**, Judge:

¶1        Beverly Elgin appeals from the superior court's forcible detainer judgment in favor of the City of Phoenix.  Elgin argues the court erred by finding the City was entitled to possession of her apartment based on her failure to pay rent and by granting the City summary judgment on her counter-claim for damages caused by a water leak.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In July 2012, Elgin entered an agreement with the City to lease a City-owned residential apartment for $227 monthly.  In May 2013, the City sent Elgin a written notice stating that she owed almost $400 in past-due rent and warning that the City would evict her in 14 days unless she paid the delinquent amount.  At the end of August, after two administrative dispute resolution hearings found Elgin owed past-due rent, the City sent Elgin a five-day eviction notice.  Elgin did not move out, and this forcible detainer action followed.

¶3        The City's complaint, filed in October 2013, sought immediate possession of the apartment as well as a money judgment for over $1,600 in rent owed, plus costs and attorney's fees, under Arizona Revised Statutes ("A.R.S.") § 12-1178(A).[1]  Elgin's answer denied that she owed the back-rent and asserted a $5,000 counterclaim for water damage to her possessions, defamation, and emotional distress.

¶4        The City moved for summary judgment on the counterclaim on the basis that Elgin had not provided a notice of claim as required by A.R.S. § 12-821.01, and the superior court granted the motion.  After an evidentiary hearing, the court entered judgment awarding the City possession of the apartment and $2,247.40 for rent and related charges, as well as $49 in costs and $2,387 in attorney's fees.

¶5        Elgin timely appealed.  We have jurisdiction under A.R.S. §§ 12-2101(A)(1) and -1182(A).

## DISCUSSION

¶6        As the City notes, Elgin's briefs do not provide a clear factual basis or legal argument with reference to authority as required by ARCAP

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

13(a)(4) and (6). Nevertheless, in our discretion, we decline to strike Elgin's brief. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984) (noting that we "prefer to decide each case upon its merits rather than to dismiss summarily on procedural grounds").

¶7 Elgin argues the superior court lacked sufficient evidence to enter the forcible detainer judgment, asserting that either she paid rent when due or she was unable to pay rent because the City did not provide "Rental Invoices." We review the court's findings after a bench trial for clear error. Ariz. R. Civ. P. 52(a); *see also Town of Marana v. Pima Cnty.*, 230 Ariz. 142, 152, ¶ 46, 281 P.3d 1010, 1020 (App. 2012).

¶8 An appellant who argues the court's decision is not supported by the evidence must provide a transcript of the relevant evidentiary hearing, and Elgin did not do so. *See* ARCAP 11(b)(1); *see also Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995) ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal."). Without this transcript, we assume the record supports the superior court's decision. *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33, 212 P.3d 902, 910 (App. 2009). Moreover, the exhibits admitted at the evidentiary hearing — including the City's balance sheet for Elgin's charges and payments and the records of Elgin's statements at the administrative proceedings — support the superior court's factual assessment. We therefore affirm the forcible detainer judgment.

¶9 Elgin also argues the superior court erred by granting the City summary judgment on her counterclaim due to her failure to file a notice of claim. We review the grant of summary judgment de novo. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 11 (2003). A notice of claim that satisfies A.R.S. § 12-821.01 is a necessary prerequisite to filing a lawsuit against a public entity. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6, 152 P.3d 490, 492 (2007); *Crum v. Superior Court*, 186 Ariz. 351, 351–52, 922 P.2d 316, 316–17 (App. 1996).

¶10 Elgin does not dispute that she failed to file a compliant notice of claim with the City. She asserts that she gave informal notice of her claim to a manager and supervisor at the apartment complex, but strict compliance with the strictures of the notice-of-claim statute is required. *See Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62, ¶ 23, 234 P.3d 623, 630 (App. 2010). Because there is no record evidence that Elgin complied with the notice-of-claim requirements, the superior court did not err by granting the City summary judgment on Elgin's counterclaim.

¶11        The City seeks an award of its appellate attorney's fees under A.R.S. § 12-1178(A), which mandates an award of fees for a successful plaintiff in a forcible detainer action. Because we affirm the judgment finding Elgin guilty of forcible detainer, we award the City its reasonable attorney's fees upon compliance with ARCAP 21.

## CONCLUSION

¶12        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh