NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID HENDERSHOTT and LORRAINE HENDERSHOTT, husband
and wife; LARRY BLACK and BRENDA BLACK, husband and wife; JOEL
FOX and CHARLENE FOX, husband and wife, *Plaintiffs/Appellants*,

*v.*

SHERIFF PAUL BABEU, an unmarried man, in his personal capacity and
in his official capacity as Pinal County Sheriff; PINAL COUNTY, a
governmental entity; SHERIFF JOSEPH M. ARPAIO and AVA ARPAIO,
husband and wife; MARICOPA COUNTY, a governmental entity;
INVESTIGATIVE RESEARCH, INC., an Arizona corporation; KEITH
SOBRASKE and MELINDA SOBRASKE, husband and wife; FRANK D.
MUNNELL, in his individual and official capacity, *Defendants/Appellees*.

No. 1 CA-CV 14-0158

FILED 3-24-2015

Appeal from the Superior Court in Maricopa County
No.  CV2012-007166
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

David and Lorraine Hendershott, Peoria
*Plaintiffs/Appellants*

Larry and Brenda Black, Mesa
*Plaintiffs/Appellants*

Joel and Charlene Fox, Gilbert
*Plaintiffs/Appellants*

Audilett Kastner PC, Tucson
By Daryl A. Audilett
*Counsel for Defendants/Appellees*

And

Sacks Tierney, Scottsdale
By Jeffrey S. Leonard and James W. Armstrong
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1 Lorraine and David Hendershott, Brenda and Larry Black, and Charlene and Joel Fox ("Plaintiffs") appeal from the trial court's order dismissing their complaint. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Plaintiffs, who are former employees of the Maricopa County Sheriff's Office, along with their spouses, filed a complaint naming Sherriff Arpaio, Sherriff Babeu, Maricopa County, Pinal County, Investigative Research Inc., Keith Sobraske, and Frank Munnell ("Defendants") as defendants. The complaint alleged several claims against the Defendants based on an employment investigation and resulting termination of Plaintiffs.

**¶3**　　　　Pinal County filed a motion to dismiss the complaint arguing that it could not be held liable for the Pinal County Sherriff's actions on a respondeat superior theory.  Maricopa County filed a Rule 12(b)(6) motion to dismiss the complaint arguing the complaint did not comply with Rule 8 and failed to state a claim on which relief can be granted.  The remaining defendants joined in Maricopa County's motion to dismiss.  Meanwhile, Defendant Munnell filed a motion for summary judgment arguing any claim against him was barred because he had not been served with a notice of claim.

**¶4**　　　　The trial court granted Defendants' motions to dismiss on the respondeat superior theory and the basis of Rule 8 and Rule 12(b)(6) respectively.  The court also granted Munnell's motion for summary judgment.  However, the court allowed Plaintiffs to file a motion to amend the complaint in light of its rulings on the motions to dismiss.

**¶5**　　　　Plaintiffs filed a motion to amend with an amended complaint attached.  Because the amended complaint was virtually identical to the original complaint, the court denied Plaintiffs' motion to amend as futile.  Both parties filed forms of judgment; over Plaintiffs' objection, the court signed the form proposed by the Defendants.  Plaintiffs timely appealed.[1]

## DISCUSSION

I.　　　　Rule 12(b)(6) Dismissal of the Complaint

**¶6**　　　　On appeal, Plaintiffs argue the court erred in dismissing the complaint on the basis of Rule 8 and Rule 12(b)(6).

**¶7**　　　　Arizona is a notice pleading state.  *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).  The purpose of a complaint is to "give the opponent fair notice of the nature and basis of the claim." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008) (quoting *Mackey v. Spangler*, 81 Ariz. 113, 115 (1956)).  Thus, Arizona Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In contrast, a complaint "that states only legal conclusions, without any supporting factual allegations, does not satisfy Arizona's notice pleading standard under Rule 8." *Cullen*, 218 Ariz. at 419, ¶ 7.  "If a pleading does not comply with Rule 8, an opposing party may move to dismiss the action 'for failure to state a claim

---

[1]　　　　In October 2014, Plaintiffs' attorney's motion to withdraw as counsel of record on appeal was granted by this court.

upon which relief can be granted'" under Rule 12(b)(6). *Id.* (citation omitted)

¶8 Because dismissal under Rule 12(b)(6) is a determination that "as a matter of law . . . plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof," we review a trial court's 12(b)(6) dismissal de novo. *Coleman*, 230 Ariz. at 356, ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.,* 19 Ariz. 222, 224, ¶ 4 (1998)). Our examination is limited to the pleading itself. *Cullen*, 218 Ariz. at 419, ¶ 7. We will "assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Id.* However, "mere conclusory statements are insufficient to state a claim upon which relief can be granted." *Id.*

¶9 The court granted Maricopa County's motion to dismiss on the grounds the complaint, as a whole, violated Rule 8. In addition, the court ruled that Plaintiffs' claims for negligent infliction of emotional distress, abuse of process, inducement of breach of contract, constructive fraud, and constructive discharge failed to state a claim under Rule 12(b)(6). In our review, we address the legal sufficiency of each claim of the complaint in turn.

¶10 The complaint contains a 7-page, 57-paragraph discussion of Plaintiffs' first cause of action, negligence. Plaintiffs list a number of duties of care the Defendants breached; however, the complaint does not specify which Defendant breached which duty. The complaint also fails to identify what negligent actions were purportedly committed by each Defendant.

¶11 The trial court did not err in dismissing Plaintiffs' negligence claim. Plaintiffs' claim does not provide adequate guidance for the Defendants or the court to be on notice of the nature of each Defendant's liability. *See Cullen*, 218 Ariz. at 419, ¶ 6 (stating that the purpose of notice pleading is to put the opposing party on notice of the claims against it). Plaintiffs have not made a "short and plain" statement of their negligence claim; rather, the complaint contains an incomprehensible listing of duties and allegations of misconduct that provide no coherent explanation of the basis for their claim.

¶12 Plaintiffs' defamation claim is similarly vague and rife with redundancy. The complaint identifies publication of the Babeu investigation as the defamatory act, but does not identify which Defendant is liable for defamation. Rather, Plaintiffs allege the defamation claim applies to "all defendants." The complaint also fails to allege the date the

defamation claim may have accrued. Specifically, Plaintiffs do not indicate when the Babeu investigation was published, thereby preventing any opportunity to analyze whether Plaintiffs' defamation claims are within the statute of limitations. *See Larue v. Brown*, 235 Ariz. 440, 443, ¶ 15 (App. 2014) (stating that one-year statute of limitations for defamation begins to run upon publication).

¶**13**      To state a claim for negligent infliction of emotional distress, a plaintiff must allege (1) he has suffered "shock or mental anguish . . . manifested by physical injury," (2) he was "within the zone of danger," and (3) the emotional distress resulted "from witnessing an injury to a person with whom the plaintiff has a close personal relationship." *Quinn v. Turner*, 155 Ariz. 225, 227 (App. 1987). The plaintiff must have been within the "zone of danger," in that the tortfeasor's negligence directly affected the plaintiff by creating an unreasonable risk of bodily harm to the plaintiff. *Id.*; *State Farm Mut. Auto. Ins. Co. v. Connolly ex rel. Connolly*, 212 Ariz. 417, 423, ¶ 23 (App. 2006).

¶**14**      Plaintiffs claim the public announcement that they were fired caused them to suffer emotional injuries. Plaintiffs do not, however, allege they witnessed any injury or that they were in a "zone of danger" created by Defendants' negligence. The complaint does not state a claim for negligent infliction of emotional distress.

¶**15**      A claim for abuse of process requires a plaintiff to allege the defendant used a court process with the primary objective of pursuing an improper motive. *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 259, ¶ 18 (App. 2004). An abuse of process claim may be based on "the full range of court procedures provided by the civil litigation process." *Id.* at 258, ¶ 17. However, the tort may only be committed when a legal process, such as a subpoena, has been misused. *Id.*

¶**16**      Plaintiffs have failed to state an abuse of process claim. They make much of the investigation procedures that resulted in their termination; however, they do not identify any legal process that has been abused by Defendants. *Id.* at 257, ¶ 14.

¶**17**      Plaintiffs' aiding and abetting claim is also insufficient. A claim for tortious aiding and abetting requires three elements: (1) "the primary tortfeasor must commit a tort that causes injury to the plaintiff," (2) "the defendant must know that the primary tortfeasor's conduct constitutes a breach of duty," and (3) "the defendant must substantially assist or encourage the primary tortfeasor in the achievement of the

breach." *Wells Fargo Bank v. Ariz. Laborers, Tmstrs. & Cement Masons*, 201 Ariz. 474, 485, ¶ 34 (2002). Plaintiffs' claim rests on the conclusory statement that all of the Defendants assisted one another in committing the tortious acts. Plaintiffs do not, however, identify the requisite primary tortfeasor or the underlying predicate tort.

¶18            The elements of the tort of inducement of breach of contract are: (1) "existence of a valid contractual relationship," (2) "knowledge of the relationship on the part of the interferor," (3) "intentional interference inducing or causing a breach," (4) resulting "damage to the party whose relationship has been disrupted," and (5) "that the defendant acted improperly." *Safeway Ins. Co. v. Guerrero*, 210 Ariz. 5, 10, ¶ 14 (2005).

¶19            Plaintiffs have not alleged a viable claim for tortious inducement of breach of contract because their complaint fails to allege any third party responsible for inducing the breach of contract, nor does it identify which Defendant was the alleged "interferor." The complaint also fails to specify the nature of the "intentional interference" that caused the breach of Plaintiffs' employment contracts.

¶20            Plaintiffs' claim for intentional infliction of emotional distress (IIED) is also insufficient. A claim of IIED requires (1) that conduct by the defendant be extreme and outrageous, (2) that the defendant intended to cause the emotional distress, or recklessly disregarded the certainty that it would occur, and (3) that severe emotional distress actually occurred as a result. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).

¶21            Plaintiffs have not alleged extreme and outrageous conduct. Even giving Plaintiffs' factual allegations a favorable reading, the compilation and eventual publication of the investigation and the resulting termination of Plaintiffs is not extreme and outrageous conduct giving rise to liability for IIED.

¶22            To state a claim for constructive fraud, a plaintiff must allege "a breach of legal or equitable duty which, irrespective of the moral guilt or intent of the party charged," would be considered "fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *McAlister v. Citibank, a Subsidiary of Citicorp*, 171 Ariz. 207, 214 (App. 1992). Arizona Rule of Civil Procedure 9(b) requires that all allegations of fraud must state the circumstances constituting the fraud with particularity. Rule 9(b). Here, the complaint repeatedly states that the various Defendants breached a legal duty, but it points to no particular circumstance that constituted the complained-of breaches. As a

result, Plaintiffs have failed to state a claim of constructive fraud with the required particularity.

¶23 Finally, to state a claim of constructive discharge, the plaintiff must allege "objectively difficult or unpleasant working conditions to the extent that a reasonable employee would feel compelled to resign." Ariz. Rev. Stat. ("A.R.S.") section 23-1502(A)(1). To allege a cognizable claim, a plaintiff must first give the employer fifteen days' notice of intent to resign to allow the employer an opportunity to cure the conditions. *Id.* Plaintiffs assert that the press conference releasing information about the investigation created intolerable working conditions. This vague and unsupported statement aside, the complaint does not allege Plaintiffs complied with the notice requirement of A.R.S. § 23-1502. Thus, the complaint fails to state a claim of constructive discharge.

## II.     Denial of Motion to Amend

¶24 Plaintiffs next challenge the court's denial of their motion to amend the complaint. The trial court "has discretion whether to grant leave to amend." *Tumacacori Mission Land Dev., Ltd. v. Union Pac. R. Co.*, 231 Ariz. 517, 519, ¶ 4 (App. 2013). Leave to amend should be granted liberally "unless the court finds . . . futility in the amendment." *Id.* (citation omitted).

¶25 In its order granting Maricopa County's motion to dismiss, the trial court gave Plaintiffs permission to file a motion to amend the complaint. Plaintiffs filed a motion to amend and attached their proposed first amended complaint. The amended complaint is virtually identical to the original complaint; with the exception of the negligence claim, eight of the nine causes of action were copied verbatim from the original complaint. The primary changes in the amended complaint appear to be the removal of Pinal County and Maricopa County as defendants, and some rewording of the negligence claim. However, the amendments do not remedy the pleading defects that lead to the dismissal of Plaintiffs' original cause of action for negligence. *See, supra*, ¶ 10. Accordingly, the trial court did not err in denying Plaintiffs' motion to amend as futile.

## III.     Grant of Defendant Munnell's Motion for Summary Judgment

¶26 Plaintiffs assert the trial court improperly granted Munnell's motion for summary judgment. Plaintiffs' sole argument on appeal is that the court was required to examine the entire record before granting summary judgment.

¶27        Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Arizona Rule of Civil Procedure 56(c). We review the court's determination that entry of judgment was proper de novo. *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195 (App. 1990).

¶28        Munnell's motion for summary judgment argued that Plaintiffs failed to serve him with a notice of claim as required by A.R.S. § 12-821.01(A) (stating that claims against a public employee must be served on the person or a person authorized to accept service). The notice of claim statute requires notice be given to "*both* the employee individually and to his employer." *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351 (App. 2007) (quoting *Crum v. Superior Court*, 186 Ariz. 351, 352 (App. 1996)). The purpose of the notice of claim statute is to allow the defendant an opportunity to investigate and assess the liability arising from the claim. *Id.* "Failure to comply with the statute is not cured by actual notice or substantial compliance." *Id.*

¶29        Munnell's motion was supported by his affidavit avowing he had never been personally served with a notice of claim. Plaintiffs filed no response to Munnell's motion in the trial court, and on appeal, they do not point to any evidence in the record showing that Munnell was personally served with a notice of claim. Our review of the record reveals an affidavit of service indicating Munnell was served with a "demand for jury trial" and "certificate re: compulsory arbitration." However, there is no record that he received a "notice of claim," and we cannot infer that the documents delivered to Munnell strictly complied with the notice of claim statute. Substantial compliance will not cure Plaintiffs' failure to serve Munnell with a notice of claim; accordingly their claims against Munnell are barred, and summary judgment was properly granted.

IV.    Form of Judgment

¶30        Finally, Plaintiffs argue the court erred in signing the Defendants' proposed form of judgment instead of the form of judgment proposed by Plaintiffs. In their brief, Plaintiffs do not cite to any legal authority to support their argument. Accordingly, we will not address this issue. *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (stating that failure to provide citations to authorities can constitute abandonment and waiver of the claim).

## CONCLUSION

¶**31**        For the reasons above, we affirm.  Appellees have requested attorney's fees on appeal pursuant to A.R.S. §§ 12-341.01 and 12–349(A)(1) on the basis the appeal was frivolous and without substantial justification. "'Without substantial justification' means that the claim or defense constitutes harassment, is groundless and is not made in good faith." *Reynolds v. Reynolds*, 231 Ariz. 313, 318, ¶ 16 (App. 2013) (quoting A.R.S. § 12–349(F)).  "All three elements must be proven by a preponderance of the evidence and 'the absence of even one element render[s] the statute inapplicable.'" *Id.* (citing *Cypress on Sunland Homeowners Ass'n v. Orlandini,* 227 Ariz. 288, 301, ¶ 49 (App. 2011)).  We affirm the judgment, but we cannot say that the record and briefs on appeal support an award of attorneys' fees pursuant to A.R.S. § 12–349(A)(1). We therefore deny the fee request.  Appellees are entitled to their costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama