**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOEL BALL,

          Plaintiff-Appellant,

  v.

CITY OF SCOTTSDALE;
SCOTTSDALE CITY PROSECUTOR'S
OFFICE; CARON CLOSE;
SCOTTSDALE POLICE
DEPARTMENT; SEAN RYAN, Officer;
SERBALIK, Officer; LEE, Officer;
KANE, Officer; UNKNOWN PARTIES,
named as other as-yet unknown Scottsdale
Police Officers and John Does 1-50,

          Defendants-Appellees.

No.   23-15015

D.C. No.
2:19-cv-05815-SPL-DMF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted February 27, 2025[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: S.R. THOMAS, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff Joel Ball appeals the district court's grant of summary judgment in favor of the defendants in his action against the City of Scottsdale, Arizona, and its employees. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review discovery orders for an abuse of discretion and the grant of summary judgment de novo. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920 (9th Cir. 1996); *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We affirm.

The district court properly denied plaintiff's request to conduct depositions without a court reporter. *See* Fed. R. Civ. P. 30(b)(5) (setting forth the requirements); Fed. R. Civ. P. 28(c)) (providing that "[a] deposition must not be taken before a person who is . . . financially interested in the action"); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764,774 (9th Cir. 2002) (holding that an extract from a deposition that lacks the reporter's certification is inadmissible at summary judgment).

The district court did not abuse its discretion by denying plaintiff's requests for discovery while the first motion for summary judgment was pending. Plaintiff failed to identify what evidence existed and how it would have prevented summary judgment, *see Nidds*, 113 F.3d at 921 (setting forth the standard), and did not

2

demonstrate any prejudice from the district court's denial of his requests, *see Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Nor did the district court abuse its discretion by denying the untimely motions for discovery while the second motion for summary judgment was pending. Plaintiff's lack of diligence in deposing the individuals justified denial of the motion. *See id.* (finding no abuse of discretion where the party was given additional time to take depositions and failed to take those depositions).

The district court did not abuse its discretion by denying plaintiff's request to file a sur-reply, finding plaintiff had not shown good cause to file one. *See SEC v. Seaboard Corp.*, 677 F.2d 1301, 1314 (9th Cir. 1982) (holding that the district court has the discretion to reject supplementary material).

Summary judgment was proper on the state claims because plaintiff failed to serve notice of claims on the individual defendants and the city clerk pursuant to Arizona law. A.R.S. § 12-821.01(A); Ariz. R. Civ. P. 4.1; *Crum v. Superior Ct.*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (requiring that proper notice be served on both the employee and employer where the employee's conduct "was committed within the course and scope of employment"). Plaintiff's email did not satisfy the statutory requirements. *See Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) (en banc) ("Actual notice and substantial compliance do

3

not excuse failure to comply with the statutory requirements of A.R.S. § 12-821.01(A)."); *Yahweh v. City of Phoenix*, 400 P.3d 445, 447 (Ariz. Ct. App. 2017) ("[t]he claim is barred if the claimant fails to present a valid settlement offer" in the notice of claim); Ariz. R. Civ. P. 4.1(c)(1)(A) (directing the plaintiff to send a waiver of service request in writing "to the defendant and any other person required in this rule to be served").

Summary judgment was proper on the judicial deception claim alleged against Detective Ryan because plaintiff failed to offer sufficient evidence to establish that the warrant affidavit contained misrepresentations or omissions that were material to probable cause. *See Bravo*, 665 F.3d at 1083 (setting forth the standard). The detective could rely on information provided by other officers and official reports when he obtained the warrant. *United States v. Bernard*, 623 F.2d 551, 560–62 (9th Cir. 1979).

Plaintiff's assertion that the district court was biased is not supported by the record. Bias does not exist merely because the district court rules against a party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

Plaintiff waived the remaining claims by not discussing any error in the body of his Opening Brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

4

Appellant's motion to strike the answering brief (Dkt. Entry No. 34) is DENIED.

**AFFIRMED.**